# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                               Plaintiff

v.                                             Case No. 3:08-cr-142-JHM-CHL

WILLIAM LOUIS TOLBERT, JR.,                                       Defendant

## MEMORANDUM OPINION AND ORDER

### Introduction

The government's deadline for responding to William Tolbert's motion to vacate was December 28, 2016. (DN 90.) The government did not file a response before the deadline. On April 12, 2017, the Court ordered the government to "show cause as to why did not file a response by the December 28, 2016 deadline." (DN 98.) On May 3, the government responded to the show cause order. (DN 100.) Five motions are before the Court and ripe for review:

1. The government moves for an extension of time to respond to Tolbert's motion to vacate. (DN 92.) The Court will grant the motion.

2. The government moves to strike the motion to dismiss it filed on March 17, 2017. (DN 95.) The Court will grant the motion.

3. The government moves for leave to file a late response to Tolbert's motion to vacate. (DN 99.) The Court will grant the motion.

4. Tolbert moves for an extension of time to file a reply in support of his motion to vacate. (DN 101.) The Court will grant the motion.

5. Tolbert moves for leave to file a sur-reply to the government's response to the Court's show cause order. (DN 102.) The Court will construe it as a motion for leave to file an objection to the government's response. The Court will grant in part and deny in part the motion.

1

## Analysis

I. **The government's motion for leave to file a late response (DN 99); the government's motion for extension of time to respond to Tolbert's motion to vacate (DN 92); and Tolbert's motion for leave to file a sur-reply to the government's response to the show cause order (DN 102)**

As discussed in the introduction, the government did not respond to Tolbert's motion to vacate by the deadline. On February 17, 2017, the government moved for an extension of time until March 17, 2017 to respond to Tolbert's motion to vacate. (DN 92.) The government said that it needed more time to gather the relevant documents. (*Id.*) In response to the Court's show cause order, the government conceded that it had made a "procedural error" in not moving for an extension before the deadline passed. (DN 100, #387.)

Tolbert did not respond to the government's motion for an extension of time. *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."). Tolbert says he never received a copy of that motion. (*See* DN 93, ¶ 3; DN 102, ¶ 3.)

Tolbert filed a "motion for leave to file a sur-reply to the government's response to [the] show cause order." (DN 102 (brackets added).) The Court construes Tolbert's motion as a motion for leave to file an objection to the government's response to the show cause order. In the objection, Tolbert argues that the government did not show excusable neglect for filing a late response and asks the Court to strike the motion to dismiss as untimely. (*Id.*, #395.) Among other authorities, he relies on Federal Rule of Civil Procedure 6(b) and this Court's opinion in *Pogue v. Northwestern Mutual*, 3:14-cv-598-CRS-CHL, 2016 WL 3124649, 2016 Lexis 71156, (W.D. Ky. Jun. 1, 2016). That opinion says:

> Because the motion for extension was filed out of time, the heightened standard of Rule 6(b) of the Federal Rules of Civil Procedure applies. Rule 6(b) provides as follows: 'When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect.' Fed. R. Civ. P. 6(b)(1)(B). Determinations of whether a party failed to act because of excusable

> neglect are within the trial court's discretion. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006 ('We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard.') (citation omitted).
>
> The Sixth Circuit has set forth five factors to be balanced by the district court in making a determination as to excusable neglect pursuant to Rule 6(b)(1)(B). The five factors are as follows: '(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith.' *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

2016 WL 3124649 at *4.

On the one hand, the Court finds persuasive Tolbert's argument that the government's proffered reason for the delay is insufficient. (*See* DN 102, #398 ("The government knew it needed additional time to gather documents before the December 28, 2016 deadline had expired.").) Other than saying that missing the deadline was the result of a "procedural error," the government does not provide a basis for the Court to find excusable neglect for its missed deadline. Nor did the government reply to Tolbert's arguments regarding the excusable neglect standard. Certainly, the reason for the delay was within the control of the government. *See*, 2016 WL 3124649 at *5 ("Pogue has not presented the Court with any information that would show that his untimely motion for extension was caused by something outside of his control.").

On the other hand, the other factors weigh in the government's favor. Tolbert, who is serving a 180-month sentence, has not shown that the government's delay has prejudiced him in any way. The length of the delay was relatively short and did not impact the adjudication of Tolbert's motion to vacate, especially considering that Tolbert has yet to file a reply in support of that motion. *See infra* Part II. As for whether the government acted in good faith, it does not appear that the government asked for the extension for an improper purpose. Moreover, the Court credits the government's concession that it made an error in missing the deadline. Though

3

Tolbert says he never received the government's motion for an extension, the attorney for the government, Rob Bonar, certified that he mailed Tolbert a copy of the motion to his address in Lexington. (*See* DN 92, #349.) Tolbert has not alleged any error or misrepresentation relating to that certification. Altogether, the Court will exercise its discretion and grant the government leave to file a late response. Although the Court has little patience for parties who ignore court-ordered deadlines, the Court declines Tolbert's invitation to strike the government's response.

Accordingly, the Court will grant the government's motion for leave to file a late response. Along those same lines, the Court will grant the government's motion for an extension of time to respond to Tolbert's motion to vacate. The Court will grant Tolbert's motion for leave to file an objection to the government's response to the show cause order but deny the motion to strike the government's response.

## II. The government's motion to strike the motion to dismiss it filed on March 17 (DN 95); and Tolbert's motion for an extension of time to file a reply in support of his motion to vacate (DN 101)

On March 17, the government moved to dismiss Tolbert's motion to vacate. (DN 94.) On March 20, the government moved to strike the previously-filed motion to dismiss and proposed order. (DN 95.) The government also sought to substitute a new motion to dismiss and proposed order. (*Id.*)

It appears that the government's first motion to dismiss (DN 94) and proposed order (DN 94-1) were filed in error. The previously-filed motion to dismiss and proposed order are for a different defendant. The Court will grant the government's motion to strike.

Tolbert moves for an extension of time to file a reply in support of his motion to vacate. (DN 101.) Although he asked for an extension until June 3, 2017, it does not appear that Tolbert filed a reply by June 3. The Court will grant his request for an extension. In case Tolbert was

4

waiting on a ruling on his motion for an extension before filing the reply, the Court will set a new deadline for Tolbert's reply.

## Order

1. The Court **GRANTS** the government's motion for an extension of time to respond to Tolbert's motion to vacate (DN 92).

2. The Court **GRANTS** the government's motion to strike and substitute (DN 95). The Court **DIRECTS** the Clerk of Court to **STRIKE** DNs 94 and 94-1 from the record. The Court **SUBSTITUTES** DNs 95-2 and 95-3 in place of DNs 94 and 94-1, respectively.

3. The Court **GRANTS** the government's motion for leave to file a late response to Tolbert's motion to vacate (DN 99). The motion to dismiss (DN 95-2) tendered along with the motion to strike is **DEEMED TIMELY FILED**.

4. The Court **GRANTS** Tolbert's motion for an extension of time to file a reply in support of his motion to vacate (DN 101). **Tolbert's deadline for filing the reply is November 13, 2017**.

5. The Court **GRANTS** in part and **DENIES in part** Tolbert's motion for leave to file an objection to the government's response to the show cause order (DN 102). The Court **GRANTS** the motion **in part** to the extent it seeks leave to file an objection to the government's response to the show cause order. The Court **DENIES** the motion **in part** to the extent it asks the Court to strike the government's response to the motion to vacate.

The Court **DIRECTS** the Clerk of Court to mail a copy of this memorandum opinion and order to William Tolbert.

cc: counsel of record; William Tolbert, *pro se*